**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KEVIN M. OWENS,**

    **Plaintiff,**

**vs.**                               **Case No. 4:10cv252-SPM/WCS**

**WALTER McNEIL, et Al.,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

On August 19, 2010, Plaintiff's *in forma pauperis* motion was granted and he was assessed an initial partial filing fee of $3.00. Doc. 8. Plaintiff has filed a motion for reconsideration, doc. 10, noting that the order improperly calculated the fee based on one year's worth of account statements, not just the six-month period of time. Having reviewed the statements again, Plaintiff is correct. Plaintiff should be permitted to proceed without payment of the assessed initial partial filing fee because the calculation was not based on the last six months.

I have concluded that Plaintiff *should* be able to proceed without payment of the assessed initial partial filing fee, which brings me to review of the complaint, doc. 1, for

the first time. I was concerned with Plaintiff's acknowledgments of his prior litigation in answer to questions on the complaint form. Plaintiff responds to each of the questions about his prior cases by stating, "I am unsure of" the requested information "without legal material to answer facts" or is unsure of "cases do [sic] to staff taking legal property." Doc. 1, p. 6. Plaintiff did, however, indicate he previously filed a case or cases in the Middle District of Florida, Tampa Division. *Id.*

It is Plaintiff's responsibility to obtain the information he needs to respond to the necessary questions on the complaint form. If Plaintiff has had more than three cases dismissed as "strikes" under 28 U.S.C. § 1915(e), then Plaintiff is barred from proceeding with *in forma pauperis* status. 28 U.S.C. § 1915(g). It is not this Court's responsibility to keep up with Plaintiff's cases, nor should the Court have to waste time in researching facts that Plaintiff should know and is, in fact, required to provide. It is, however, apparent that Plaintiff's listing was intentional so as not to disclose the number of cases he filed previously, or admit the cases which were dismissed for reasons that the complaint failed to state a claim, was malicious or frivolous, or sought relief against a Defendant who was immune. 28 U.S.C. § 1915(e). This case could therefore be dismissed solely on Plaintiff's failure to honestly disclose all prior cases he has filed. Indeed, Plaintiff already had a case dismissed on those grounds in the Middle District of Florida, Tampa Division. Case 8:08cv422-SCB-MAP was dismissed in an order dated March 6, 2008, because Plaintiff did not truthfully list all cases he had filed. Plaintiff then filed a motion to reconsider that dismissal, which was granted in the sense that Plaintiff's dismissal was reviewed, but the dismissal remained and this case closed without prejudice to Plaintiff's filing a new lawsuit, in which he would acknowledge all

prior cases. Doc. 8 of case 8:08cv422-SCB-MAP.[1]  That dismissal is an abuse of the judicial process and properly counted as a strike under § 1915(g).[2]

Plaintiff's attention is directed to Case 8:09cv1336-VMC-MAP, a civil rights case Plaintiff filed, and which was dismissed prior to service on July 22, 2009. That case, which was filed in the Middle District of Florida, provides Plaintiff with a list of other cases he filed. In February, 2010, Plaintiff's appeal of that dismissed was dismissed, and his motion to proceed *in forma pauperis* on appeal was denied upon a finding that the appeal was frivolous. Doc. 16, of case 8:09cv1336. That case sufficiently demonstrates Plaintiff has *three* strikes, two strikes issued in that case alone, and means Plaintiff is precluded from proceeding with *in forma pauperis* status in this case. Plaintiff must submit the full amount of the filing fee for this case to proceed.

Should Plaintiff decide to refile this case, he should avail himself of the opportunity to list all his prior cases with the accounting given to him by the Middle District. Plaintiff must make full and complete disclosure of his cases, and his failure to do so honestly may result in additional sanctions.

---

[1] That case was filed by Plaintiff Kevin Owens prior to state incarceration, but is undoubtedly the same person as this Plaintiff, because that case number was included in case 8:09cv1336 which is indisputably the Plaintiff who brought *this* case.

[2] In Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)(stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."), the court concluded that a strike may also be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits. Rivera, 144 F.3d at 731. Abuse of the judicial process, whether or not characterized by a court as "frivolous" or "malicious" is a strike for *in forma pauperis* purposes under 28 U.S.C. § 1915(g). 144 F.3d at 731. Additionally, it matters not that the case was dismissed "without prejudice." *Id.*

Case No. 4:10cv252-SPM/WCS

Accordingly, even though Plaintiff should not have been assessed an initial partial filing fee, he is not entitled to *in forma pauperis* status. Therefore, his motion for reconsideration should not be granted and he should not be permitted to proceed without full payment of the filing fee for this case. 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[3] and because Plaintiff intentionally failed to disclose his prior litigation, and as a sanction for failing to make that disclosure, the order which granted Plaintiff's motion for *in forma pauperis* status, doc. 8, should remain making Plaintiff liable for the filing fee for this case. It is further **RECOMMENDED** that all other pending motions in this case be **DENIED** in light of this dismissal.

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] Having reviewed Plaintiff's claims in the complaint, doc. 1, I have determined that Plaintiff does not fall within the exception for imminent serious physical injury as provided for in 28 U.S.C. § 1915(g).

Case No. 4:10cv252-SPM/WCS